COURT OF APPEALS
DECISION
DATED AND FILED

July 21, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1706**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV1174**

IN COURT OF APPEALS
DISTRICT IV

---

AQUILLA JESSIE,

   PLAINTIFF-APPELLANT,

 V.

STATE OF WISCONSIN, STATE OF WISCONSIN - DEPARTMENT OF CORRECTIONS AND ALEX WOUTS,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Aquilla Jessie appeals a circuit court order dismissing his petition for a declaratory judgment. Jessie argues that the court erred in determining that his petition did not raise a justiciable controversy.[1] For the reasons discussed below, we affirm the dismissal order.

## BACKGROUND

¶2     Jessie filed a 42 U.S.C. § 1983 action in federal court naming as defendants several correctional officers, Fox Lake Correctional Institution, and the Wisconsin Department of Corrections (DOC). Jessie alleged in the federal action that Alex Wouts, then a correctional officer, repeatedly sexually assaulted Jessie while he was incarcerated. The district court dismissed all of the parties except Wouts, who by that time was serving a sentence totaling sixty years on related criminal charges. After Wouts failed to file an answer in the federal case, the district court held a hearing on a proposed default judgment and damages, entered a default judgment against Wouts, and awarded Jessie $4.5 million in compensatory and punitive damages.

¶3     Jessie filed the instant petition in the circuit court for Dane County for a declaratory judgment against the State and the DOC (collectively, the State) and Wouts. The petition sought determinations under WIS. STAT. § 895.46 (2019-

---

[1] Jessie also argues that the circuit court erred in determining that the law-of-the-case doctrine precludes his action. The court based this determination on a prior decision, *Jessie v. State*, No. 2020AP462, unpublished slip op. ¶¶8, 11 (Apr. 29, 2021), in which we concluded that the State enjoyed sovereign immunity and was thus properly dismissed as a party. Because we affirm the dismissal of Jessie's action on justiciability grounds, we do not address the parties' arguments on the application of the law-of-the-case doctrine. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

20)[2] that: (1) Wouts was acting within the scope of his employment when he violated Jessie's constitutional rights; and (2) the State was required to pay the federal judgment against Wouts. *See* § 895.46(1)(a) (setting forth the parameters under which the State must pay a judgment entered against a state employee for acts committed within the scope of that employee's employment). Wouts did not file an answer. The State moved to dismiss, arguing, among other grounds, that sovereign immunity barred Jessie's claim to damages from the State. The circuit court granted the motion and dismissed the State, leaving Wouts as the sole respondent in this action.

¶4 Jessie appealed the dismissal of the State, which was a final, appealable order. Jessie and Wouts remained as parties in this action. Jessie moved for summary judgment against Wouts on the scope-of-employment determination. The circuit court held the summary judgment motion in abeyance pending this court's resolution of Jessie's appeal. We affirmed the court's dismissal of the State from this action, concluding that Jessie's suit against the State was barred under the doctrine of sovereign immunity and that "the indemnity provided by [WIS. STAT.] § 895.46(1)(a) [did not] constitute[] consent by the State to be sued, or a waiver of sovereign immunity." *See Jessie v. State*, No. 2020AP462, unpublished slip op. ¶¶8, 11 (Apr. 29, 2021).

¶5 After this court issued its decision, the State made a limited special appearance in the circuit court to contest Jessie's summary judgment motion. *See* WIS. STAT. § 895.46(1)(a) (if the State disputes that the employee was acting

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

within the scope of employment, it may appear "to contest that issue without waiving … sovereign immunity to suit"). As pertinent to this appeal, the State argued that Jessie did not meet the four requirements of justiciability that are prerequisites to determining the merits of his petition. *See **Loy v. Bunderson***, 107 Wis. 2d 400, 409-10, 320 N.W.2d 175 (1982) (setting forth the requirements of justiciability). The court agreed, concluding that there was not a justiciable controversy between Jessie and Wouts. The court dismissed the action, and Jessie appeals.

## DISCUSSION

¶6 Jessie argues that the circuit court erred in concluding that it could not entertain his declaratory judgment action because there was not a justiciable controversy between him and Wouts. As framed, the question of whether, on an undisputed set of facts, a justiciable controversy exists is a question of law that we review de novo. *See **Olson v. Town of Cottage Grove***, 2008 WI 51, ¶¶32-33, 309 Wis. 2d 365, 749 N.W.2d 211.

¶7 For a circuit court to exercise jurisdiction under WIS. STAT. § 806.04 to grant or deny declaratory relief, there must be a justiciable controversy. ***Id.***, ¶32; ***Loy***, 107 Wis. 2d at 409-10. A controversy is justiciable when: (1) "a claim of right is asserted against one who has an interest in contesting it"; (2) the controversy is between parties "whose interests are adverse"; (3) the party seeking declaratory relief has "a legal interest in the controversy—that is to say, a legally protectable interest"; and (4) "[t]he issue involved in the controversy [is] ripe for judicial determination." ***Olson***, 309 Wis. 2d 365, ¶29 (quoting ***Loy***, 107 Wis. 2d at 410). All four requirements must be met before the court may entertain a declaratory judgment action. ***Olson***, 309 Wis. 2d 365, ¶29.

¶8 We conclude that Jessie's petition was properly dismissed because the petition fails the first and second prongs of the above justiciability test. Accordingly, we do not address the third and fourth prongs. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013). Although the first and second prongs are separate inquires, here the facts relevant to each overlap. A respondent has an interest in contesting the claim when a determination on the merits might potentially be detrimental to the respondent. *See, e.g.*, *Tooley v. O'Connell*, 77 Wis. 2d 422, 427-28, 435, 253 N.W.2d 335 (1977) (Milwaukee board of school directors had "an obvious interest in contesting" the claim that the statutory scheme for public-school financing was unconstitutional, because the "fail[ure] to [contest] would result in the loss of the ability to raise a large share of the funds necessary to operate Milwaukee's school system"); *State ex rel. Chiarkas v. Skow*, 160 Wis. 2d 123, 132-33, 465 N.W.2d 625 (1991) (county public defender's office had an interest in contesting the circuit court's claimed right to appoint public defenders to represent nonindigent individuals "[b]ecause of the potential impact on the Public Defender's workload"). Along similar lines, parties' interests can be said to be adverse when the interests are competing and incompatible. *See, e.g.*, *Tooley*, 77 Wis. 2d at 437 ("[t]he plaintiffs seek to invalidate the financing system; the defendants by statute are required to operate under and maintain the system," and "[t]herein lies the adversity").

¶9 Jessie asserts that "neither the State nor [Wouts] want[s] a scope determination" and that "Wouts is adverse to Jessie in every respect." But these assertions ignore the ultimate purpose of the scope determination, which is to determine whether the State is obligated to pay the federal judgment against Wouts. Thus, as the circuit court correctly observed, Wouts has a strong interest

in *not* contesting Jessie's claim because Wouts and Jessie have every reason to seek the same outcome. A determination that Wouts was acting within his scope of employment could only benefit Wouts, in that it might relieve him of his obligation to pay the judgment by creating an avenue for Jessie to collect from the State. Our case law reflects that a public employee typically has an interest in obtaining (as opposed to contesting) a scope determination. *See, e.g.*, *Olson v. Connerly*, 156 Wis. 2d 488, 494-95, 457 N.W.2d 479 (1990) (employee moved for a scope determination to obtain relief from the judgment entered against him); *Cameron v. City of Milwaukee*, 102 Wis. 2d 448, 453, 307 N.W.2d 164 (1981) (same).

¶10    Jessie does not respond to the State's arguments on these points, nor does he explain with any clarity why we should conclude that Wouts does not or could not have an interest in, or could not benefit from, a scope determination. Instead, Jessie appears to argue that criteria (1) and (2) are met *because* Wouts cannot pay the judgment. But this circumstance supports the opposite conclusion: that Wouts would benefit from a determination, on the merits, that he was acting within the scope of his employment.

¶11    Jessie further appears to argue that criteria (1) and (2) are met because "*the State* has a vested interest in the outcome of that [scope] determination." (Emphasis added.) But the fact that the State might satisfy these justiciability criteria vis-a-vis Jessie has no bearing on whether *Wouts*—the only remaining respondent—has an interest in contesting the claim or is an adverse party. To escape this conclusion, Jessie argues that the State has somehow "stepped into Wouts' shoes"—and thus must be considered a respondent in this dispute—because of certain actions the State took in the circuit court and on appeal. Thus, Jessie proceeds from the premise that, if the State voluntarily

waived its sovereign immunity, then we may consider the State a party for purposes of our justiciability analysis.

¶12 We reject this argument. Assuming without deciding that a waiver of sovereign immunity could affect our analysis, we nonetheless conclude that the State did not waive its immunity here. First, Jessie argues that the State waived immunity by participating in circuit court proceedings to a greater extent than the limited appearance permitted under WIS. STAT. § 895.46. *See* § 895.46(1)(a) (if the State disputes that the employee was acting within the scope of employment, it may appear "to contest that issue without waiving … sovereign immunity to suit").[3] Specifically, he points to the State's appearing before the circuit court: (1) to oppose the instant summary judgment motion on grounds of law of the case and nonjusticiability; and (2) to move to quash a subpoena for documents relating to Wouts's employment, DOC training procedures, and DOC internal communications regarding a federal scope-of-employment decision. Jessie fails to explain why we should not consider these actions to have been part of the State's effort to contest Jessie's petition for a scope-of-employment determination under § 895.46(1)(a). Indeed, these actions appear to directly relate to Jessie's request for a scope determination. Further, Jessie raises this argument for the first time in his reply brief—even though he could have raised it in his opening brief—thereby precluding the State from responding. This is an additional reason to reject this argument. *See Bilda v. County of Milwaukee*, 2006 WI App 57, ¶20 n.7, 292

---

[3] Jessie cites *Lapides v. Board of Regents*, 535 U.S. 613, 619 (2002), for the proposition that "where a State voluntarily becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Id.* (quoted source omitted). Jessie appears to be citing *Lapides* for the general legal principle that a State may waive constitutional immunity protections. Jessie does not otherwise apply *Lapides*, and we do not further address it.

Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief.").

¶13     Second, Jessie points to an order issued by this court after he filed his appellate brief-in-chief, in which we addressed the State's motion for leave to file a nonparty brief.  *See* WIS. STAT. RULE 809.19(7)(a) ("[a] person not a party may by motion request permission to file a brief" with the court of appeals).  The order notes that "a non-party brief from [the State] would not be appropriate, because [the State is] expressing a position more appropriate to a party"—that is, the State "appears" to be "adverse" to Jessie.  The order permits the State to file a response brief, but not as a nonparty; instead, the order amends the caption to include the State as a "respondent" in this appeal.

¶14     As Jessie would have it, "this Court recognized that the State was an 'adverse' party."  But Jessie does not explain how this order—relating solely to how briefing was to proceed before this court—could reinstate the State as a party in the underlying action.  Nor does Jessie explain how our allowing the State to file a brief as a "respondent" in this appeal—which is consistent with the State's continued right under WIS. STAT. § 895.46(1)(a) to contest a scope-of-employment determination without waiving sovereign immunity—could have any substantive legal effect on the justiciability of the remaining controversy between him and Wouts.  Accordingly, we do not address this argument further.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we do not address arguments that are undeveloped or unsupported by reference to legal authority).

¶15     For the foregoing reasons, we conclude that there is no justiciable controversy between Jessie and Wouts, and we affirm the circuit court order dismissing Jessie's petition.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.